## THE HARLEM RIVER NO. 1.

### THE T. W. WELLINGTON.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

#### No. 234.

COLLISION ☞105—TUGS WITH TOWS MEETING—CARELESS NAVIGATION.

Evidence *held* to support a finding that a collision between a tow alongside a tug bound down Harlem River and one on the side of a tug upbound was due solely to the fault of the latter tug in carelessly permitting herself and her tow to be caught on the side by the strong ebb tide and swung around against the other tow.

[Ed. Note.—For other cases, see Collision, Dec. Dig. ☞105.

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Eastern District of New York.

On appeal from a decree of the District Court for the Eastern District of New York dismissing the libel as to the tug Harlem River No. 1 and holding the tug Wellington solely at fault for the damages sustained by the libelant's coal barge Governor Glynn. The collision which resulted in the injury to the Glynn occurred November 26, 1913, in the Harlem River opposite Little Hell Gate and near the New York shore, between the libelant's coal boat in tow of the tug Harlem River No. 1, bound down, and the sand scow Whitehall, in tow of the tug Wellington, bound up.

Before LACOMBE, COXE, and WARD, Circuit Judges.

Foley & Martin, of New York City, for the Wellington.

James J. Macklin and Frank V. Barns, both of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for the Harlem River No. 1.

COXE, Circuit Judge. The decree herein dismissed the libel as to the tug Harlem River No. 1 and held the tug Wellington solely at fault for the damages sustained by a collision which occurred between 10 and 11 a. m. November 26, 1913, between the libelant's coal barge Governor Glynn in tow of the tug Harlem River No. 1 bound down and the scow Whitehall, in tow on the port side of the tug Wellington.

The weather was clear, the tide was strong ebb. The place of collision was near the New York shore about opposite Little Hell Gate. The Harlem River No. 1 had the covered barge Royal on her starboard side and the coal barge Governor Glynn on her port side. When the tugs first sighted each other they were well over on their respective sides of the river and would have passed safely had they kept their courses. The Wellington had to cross the tide running out of Little Hell Gate and, instead of navigating so as to meet the tide bow on, she allowed her tow and herself to swerve to port so that the tide struck the starboard side of the tow, causing both tug and tow to swing across the Harlem River. It was then too late to avoid collision. The question was one of fact and we think the testimony strongly supports Judge Veeder's finding that the collision occurred by reason of the careless navigation of the Wellington in permitting the vessels to be caught in the tide at Little Hell Gate and thus to be thrown over onto the New York shore. Even if the testimony were more evenly balanced it would still be our duty not to interfere with a finding of fact based upon conflicting testimony.

The decree is affirmed with costs against the Wellington.